**GENERAL DISTRIBUTION**

**WEST VIRGINIA**
**DIVISION OF CORRECTIONS**
**& REHABILITATION**

**NUMBER:**  **335.00**

**DATE:**  **08 October 2021**

**SUBJECT:**  **INMATE GRIEVANCE PROCEDURE**

# POLICY DIRECTIVE

## PURPOSE:

To maintain uniform guidelines for the formal review of confinement issues raised by inmates that requires inmates to utilize these procedures fully and properly to the fullest extent required under any forum for which the inmate would otherwise seek judicial redress within.

## REFERENCE:

42 U.S.C. §1997e(a); WV Code §§25-1A-2 and 25-1A-2a; Religious Land Use and Institutionalized Persons Act (RLUIPA) U.S.C. §2000cc *et seq*.; National Commission on Correctional Health Care (NCCHC) §§P-A-10 and J-A-10; Prison Rape Elimination Act (PREA) §115.52; Booth v. Churner, 532 U.S. 731 (2001); Porter v. Nussle, 534 U.S. 516 (2002); Woodford v. Ngo, 548 U.S. 81, 93 and 103 (2006); State ex rel. Fields v. McBride, 216 W.Va. 623, 609 S.E.2d 884 (2004); Rhodes v. Chapman, 452 U.S. 337 (1981); Hudson v. McMillian, 503 U.S. 1 (1992); Nobles v. Duncil, 505 S.E.2d 442 (1998), 202 W.Va. 523; Miltier v. Beorn, 896 F.2d 848 (1990); and Turner v. Safley, 482 U.S. 78 (1987).

## RESPONSIBILITY:

Superintendents shall be responsible for enacting Operational Procedures and Post Orders to ensure compliance with this Policy Directive.

## CANCELLATION:

Any previous written instructions on this subject including DCR Policy Directive 335.00, dated 15 February 2020 and DOC Policy Directive 335.01, dated 01 March 2013.

## APPLICABILITY:

All facilities within the Division of Corrections and Rehabilitation (DCR) that have custody of adult inmates. This Policy is available for general distribution and is to be made available for inmate review.

## <u>DEFINITIONS:</u>

**<u>Accept:</u>** The act of formally receiving the grievance for a review of the grievance on the merits.

**<u>Days:</u>** For the purposes of this policy shall mean working days, exclusive of weekends or state holidays.

**<u>Exhaustion:</u>** Submitting an accepted grievance and properly appealing an accepted grievance fully and receiving a final response thereto by the Commissioner. Rejections do not constitute exhaustion. Remands are not final responses unless expressly stated in the decision.

**<u>Grievance Number:</u>** The number assigned to each inmate grievance, for tracking and filing purposes.

**<u>Imminent Violence:</u>** An act of violence which has the potential to cause substantial bodily injury or greater to the inmate and a reasonable possibility of occurring in the immediate or near future.

**<u>Investigate:</u>** A process, whether formal or informal, by which information necessary to compile a response is provided. It can be as simple as a verbal inquiry or can involve a more detailed investigation.

**<u>Reject:</u>** Refusal to review a grievance on the merits due to a failure of the inmate to follow the procedural requirements for filing such grievance.

**<u>Remand:</u>** To return a grievance to a lower level for further action. When a grievance is remanded, unless the decision specifies otherwise, it is expected that a new decision will be issued at the level to which the grievance is remanded, and the process continues at that level in the same manner as if it were originally filed/appealed to that level. Unless other times are specified, action on a remand shall occur within ten (10) days of its receipt.

**<u>Sexual Abuse:</u>** For the purposes of this policy, encompasses (a) inmate-on-inmate sexual abuse, (b) inmate-on-inmate sexual harassment, (c) staff-on-inmate sexual abuse, and (d) staff-on-inmate sexual harassment.

## POLICY:

I.    Nothing in this Policy Directive shall be construed to provide an inmate with any additional liberty interest that would not otherwise exist if this Policy Directive did not exist.

   A. Copies of all inmate grievances, appeals, and responses at Unit Manager and Superintendent's level shall be maintained at the facility. Once appealed to the Commissioner, the grievance shall be filed within the inmate's central office file. Only

the grievance filed within the central office shall be indicative of whether the inmate has exhausted administrative remedies.

B. Third parties, including fellow inmates, staff members, family members, attorneys, and outside advocates, shall be permitted to assist inmates in filing request for administrative remedies relating to allegations of sexual abuse and shall also be permitted to file such request on behalf of inmates.

C. Except for allegations of sexual abuse or substantial risk of imminent sexual abuse, an inmate may not use the Inmate Grievance Procedure to submit a grievance or appeal on behalf of another inmate or for any matter that does not directly affect the inmate filing the grievance.

D. Any inmate who fails to fully and properly comply with the provisions set forth in this Policy Directive shall not be considered to have taken full advantage of administrative remedies afforded him/her and therefore has not exhausted administrative remedies.

E. The Superintendent shall maintain a searchable record of all grievances. The record shall be searchable in the following manners: name or OID number of inmate; grievance number; type of grievance; and the date of filing.

F. This Policy Directive represents the general administrative remedy procedures for the Division of Corrections and Rehabilitation. Staff shall be instructed that this Policy Directive will apply to any issue advanced by an inmate that does not have a specific administrative remedy identified by this policy. Inmates should, as a general guideline, not to be told that an issue is not "grievable." If an issue is not properly presented under this Policy Directive, the inmate should be instructed as to the proper policy and procedure for seeking an administrative remedy. However, being able to grieve an issue does not equate to being entitled to the relief sought.

II. Inmates may submit grievances in writing by US mail, by depositing in DCR grievance boxes located in each DCR facility, or by handing the grievance to a DCR employee, who is per policy in a position to accept the grievance.

A. Correctional Officers who are involved in an emergency situation, distributing medication, conducting formal count or transporting another inmate are not required to accept grievances.

B. Inmates housed in segregation units will be given the opportunity to hand grievances to a DCR employee once a shift.

C. Inmates held in medical or mental health units may submit grievances by notifying medical personnel that they wish to file a grievance, the medical personnel will call for a DCR employee to come to the unit to accept the grievance.

D. If an inmate drops a grievance in a lock box, sends it via US mail, or places in a mailbox in a unit manager or counselor's office, the individual responsible for collecting the

grievances shall deliver (or cause to be delivered) a copy of the grievance with the grievance number to that inmate as soon as practicable, but within no more than a twelve hours from receipt of the grievance.

E. If an inmate requires assistance or does not have the capacity to properly fill out a grievance form, another inmate, DCR staff, an attorney, family member, or other individual the inmate chooses may provide assistance. However, the inmate who is grieving, must affix his/her own signature or mark to the form.

III.   Upon receipt of the grievance form, the Unit Manager/designee shall log the grievance and assign it a number in conformity with the following procedure. For the purpose of tracking the grievance, the Unit Manager shall maintain a Grievance Log (**Attachment #1**).

A. A two-digit number for the year in which the grievance is filed (ex. 21).

B. The facility designation (ex. MOCC&J or TVRJ&CF) and unit name or number (ex. Elm or A3).

C. A distinct sequential number from the beginning of each calendar year, which shall be utilized for tracking the grievance and for reference.

D. Each shall be separated by a hyphen (e.g., 21-MOCC&J-Elm-01 or 21-TVRJ&CF-A3-01).

E. For each stage of the grievance, beginning with the initial response from DCR a letter will be added to the grievance number. If upon receipt of the response the inmate appealed the grievance, that appeal would have the next letter in the alphabet added to the original grievance number (e.g., 21-MOCC&J-Elm-01-A, upon appeal 21-MOCC&J-Elm-01-B).

IV.   Any inmate may file a grievance utilizing the Inmate Grievance Form (**Attachment #2**) within fifteen (15) days of any occurrence that would cause him/her to file a grievance. These forms shall be made available to members of the inmate population at all facilities. At a minimum, grievance forms shall be available in all inmate housing units and law libraries.

A. An inmate may grieve only one (1) issue or complaint per form and, except for grievances alleging sexual abuse or substantial risk of imminent sexual abuse, the issue must directly pertain to the inmate filing the grievance.

B. The grievance form shall initially be submitted by the inmate to his/her Unit Manager. Inmates may also submit grievances to a correctional officer, via lock box, or US mail.

C. Except in allegations of sexual abuse or substantial risk of imminent sexual abuse, prior to responding to the grievance, the Unit Manager shall inspect the grievance to determine whether the grievance conforms with this policy.

D.  Grounds for rejection shall include but not be limited to failure to file the grievance in a timely manner; filing a grievance on a matter that has been previously submitted in a prior grievance; failure to seek actual relief (filing a grievance that does seek action or ask for an answer to a question); attaching/including excessive pages; submitting writing on multiple sides of the page; and grieving more than one issue or complaint per form.  Any presence of a foreign substance shall also be grounds for immediate rejection.  If any of these apply, the Unit Manager shall reject the grievance, providing a brief explanation of the grounds for rejection, in writing and return the grievance to the inmate, noting the rejection on the log.  **<u>Except for grievances rejected due to having been previously addressed in a grievance or those filed beyond the time limits to file a grievance,</u>** the inmate shall have ten (10) days to correct the defect and re-file a new grievance.  An inmate may appeal a rejection in the same manner as a decision, but the scope of the appeal is limited only to the propriety of the rejection and not to the merits of the grievance.  As such, appealing the rejection to the Commissioner does not exhaust administrative remedies on the issue presented in the defective grievance.

E.  It shall be the responsibility of the Unit Manager to ensure that an answer to the grievance is provided back to the inmate within five (5) days.  The response should be clear, concise, complete, and professional.  Grievance responses at the Unit Manager level should be fully addressed to the degree that additional investigation should rarely be necessary at the Superintendent or Commissioner levels and ensure that a decision can be rendered from a review of the grievance document including any response.  The Unit Manager is not required to personally answer the grievance, so long as he/she ensures that the grievance ultimately received is timely addressed and, if accepted, answered.  *Provided* that the Unit Manager shall ensure that the staff member to which the grievance pertains shall not answer the grievance.  The staff member providing the initial response shall identify any policies governing the issue in question.  If the policy clearly controls the issue, citation to the policy shall be sufficient for grievances **<u>not relating to</u>** religious issues, health care issues, or issues relating to safety and protection from harm.

1.  In cases where an inmate's grievance addresses claims relating to the practice of religion, the following should be considered and if appropriate discussed in the response:

    a.  What is the inmate's sincerely held religious belief?

    b.  Do the reasons for denying the grievance, whether one of general application or other restriction, impose a substantial burden upon the exercise of the inmate's religion?  (A substantial burden has been held to occur whenever "a state or local government, through act or omission, puts substantial pressure on an adherent to modify his/her behavior and to violate his/her beliefs.)

    c.  If substantial burden exists, is there a compelling governmental interest that is furthered by the restriction?  If so, identify the interest.

     d.  If there is a compelling interest, it must be determined whether a less restrictive alternative exists to further the need of the restriction, which must also be discussed.

   2.  In cases where the inmate claims he/she is not receiving appropriate health care, including mental health care, dental care, or other related forms of medical or health care, the Unit Manager shall route the grievance to the facility's health care administrator to review and provide the inmate an answer. However, the following should be considered and if appropriate discussed in the response:

     a.  Whether the inmate has a serious medical condition? (Non-medical correctional staff should not make a clinical determination and should defer to the judgements of health care providers.) In the absence of evidence to the contrary, there will be a presumption that the inmate is alleging a serious medical need.

     b.  If the inmate does have a serious medical need, does the inmate have unfettered access to the facility health care staff and what steps are the facility health care staff taking to treat the serious medical need of the inmate?

     c.  Does the treatment by health care staff appear to be the exercise of clinical judgments or is the treatment or lack thereof "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness?

     d.  In examining grievances related to health care, the key points must be whether "the facility health care staff promptly saw the inmate and engaged in a course of treatment?"

F.  The inmate shall be provided a copy of his/her grievance form prior to submission at each level for the inmate's records. The inmate may attach to the grievance or include only one (1) 8.5 x 11-inch page with writing on a single side. If staples are utilized, only one (1) staple may be used to affix the pages together. The inmate may not tear, fold, or affix tape to the forms, except that the forms may be folded and placed into a number 10 envelope.

G.  If the Unit Manager fails to answer or reject the grievance within the allowable time frame, the inmate may treat the non-response as a denial of his/her grievance. The inmate shall indicate on the form to the Superintendent that the grievance was previously filed without a response from the Unit Manager. The Superintendent/designee shall investigate such allegation. If it is determined that the inmate had submitted a grievance without response, the Superintendent shall require an immediate response from the Unit Manager. If it is determined by the Superintendent that the inmate had either not filed the form with the Unit Manager or had been given a timely response, the Superintendent shall initiate appropriate disciplinary action upon the inmate.

H. In the event an inmate suffers a serious injury or illness; is placed in an outside hospital or facility; is in a coma, feverish, heavily medicated, or other altered mental state; is placed in a restrictive setting, such as suicide watch, restraint chair, or isolation; the period for filing a grievance regarding the incident which led to the injury/illness, hospitalization, altered mental state or restrictive setting will be tolled until the inmate is returned to a DCR facility, is no longer in an altered mental state or restrictive setting and once again has access to writing utensils.

V.   Should the response at the Unit Manager level not resolve the issue, the inmate may appeal to the Superintendent within five (5) days from delivery of the response to his/her grievance. The inmate shall use the same form as was submitted to the Unit Manager and sign in the appropriate location. Only the grievance form and Unit Manager's response shall be submitted. Submission of any additional materials beyond the initial grievance and response shall be grounds to reject the appeal, except in the case of grievances alleging sexual abuse or substantial risk of imminent sexual abuse.

A. As with the initial level, the inmate shall be provided a copy of his/her grievance form prior to submission to the Superintendent for his/her records. Only the grievance form (including the one (1) page attachment submitted to the Unit Manager, if any) and the Unit Manager's response is to be copied.

B. Prior to responding to the appeal, the Superintendent/designee shall review the grievance to determine whether any grounds for rejection exists as described above. If such exists, the grievance shall be rejected in the same manner.

C. The Superintendent/designee shall respond to the appeal, using the grievance form, within five (5) days. The Superintendent/designee shall consider the statement of the grievance, as presented at the initial level, together with the Unit Manager's response to determine whether the response is appropriate. After a review of the grievance, the Superintendent/designee may affirm the Unit Manager and deny the grievance; deny the grievance for reasons other than that which is addressed by the Unit Manager; grant the grievance; or remand the grievance back to the Unit Manager for further action. In reviewing the grievance, the Superintendent/designee should place the expectation upon the Unit Manager that the grievance will be fully addressed at his/her level such that additional investigation should rarely be necessary and that a decision can be rendered from a review of the grievance document. If a grievance has not been properly submitted through any level by an inmate, it shall be rejected.

VI.   Should the inmate believe that the Superintendent's response does not resolve his/her grievance, or the Superintendent fails to respond in the time frames set forth above, the inmate may submit an appeal to the Commissioner of the Division of Corrections and Rehabilitation within five (5) days after he/she receives the Superintendent's response or the time for the response has passed. The appeal shall be submitted using the same form as was submitted to the Unit Manager and signing the appropriate location. Only the grievance form together with the Unit Manager's and Superintendent's response shall be submitted. Each grievance appealed to the Commissioner shall be mailed by the inmate to the Commissioner by first class mail. **Only one (1) grievance per envelope shall be**

**permitted.** Except for grievances alleging sexual abuse or substantial risk of imminent sexual abuse, submission of multiple grievances or submission of grievances bound with tape or more than one staple or by any other means shall be grounds for rejection of the entire mailing in addition to all other grounds. The inmate may not tear or fold the forms, except that the forms may be folded to place it in a number 10 envelope. The grievances shall be appealed to the Commissioner by mailing only the grievance form and a single 8.5-inch page attachment, together with any response from the Unit Manager and Superintendent to the Commissioner at the following address:

WV Division of Corrections & Rehabilitation
Commissioner's Office
Attention: Inmate Grievance Review
1409 Greenbrier Street
Charleston, WV 25311

A. As with the initial level and Superintendent's level, the inmate shall be provided a copy of his/her grievance form prior to submission to the Commissioner for his/her records. Only the grievance form (including the one (1) page attachment submitted to the Unit Manager, if any) and responses are to be copied.

B. Prior to responding to the appeal, the Commissioner/designee shall review the grievance to determine whether any grounds for rejection exists in the same manner as described above; or any other provision of this Policy Directive. If such exists, the grievance shall be rejected in the same manner.

C. The Commissioner/designee shall respond to the appeal, in writing, within fifteen (15) days. The Commissioner/designee shall consider the statement of the grievance, as presented at the initial level, together with the Superintendent and Unit Manager's response to determine whether the response is appropriate and in furtherance with the mission of the Division of Corrections and Rehabilitation and with the orderly operation of the facility. Upon review of the grievance, the Commissioner/designee may affirm the Superintendent and deny the grievance; deny the grievance for reasons other than that which is addressed by the Superintendent and Unit Manager; grant the grievance; or remand the grievance back to the Superintendent or Unit Manager for further action. In reviewing the grievance, an expectation is placed upon the Superintendent and Unit Manager that the grievance will be fully addressed at their levels and additional investigation should rarely be necessary. A decision should be able to be rendered from a review of the grievance document. If a grievance has not been properly submitted through any level by an inmate, it shall be rejected. A rejected grievance does not exhaust the grievance process or that step of the process.

VII. An inmate may file a grievance at any time concerning sexual abuse, and the grievances shall not be rejected at the Unit Manager level.

A. In any case where an inmate would be required to submit his/her grievance to a staff member he/she is alleging engaged in the sexual abuse, the inmate shall submit the grievance to the Superintendent (or if the Superintendent is the individual alleged to be

the individual sexually abusing the inmate, to the Commissioner). The Superintendent and/or the Commissioner shall assign appropriate staff to respond to the grievance.

B. The time frames for processing the grievance and for appeals shall be the same as for ordinary grievances which requires completion of the process within ninety (90) days.

C. Reports and correspondence not initially filed as a grievance.

    1. Whenever a staff member is notified either verbally or in writing of an allegation that an inmate has been sexually abused, including notification from another inmate, the staff member shall transmit a copy of this information to the Superintendent, who shall forthwith transmit the same to the Director of the Corrections Investigation Division and to the Inmate's Unit Manager. In the event the Superintendent is the one accused of committing the sexual abuse, the copy shall be directly sent to the Director of the Corrections Investigation Division and Unit Manager by the staff member. The Unit Manager shall consider such notification as a grievance submitted on behalf of the inmate and shall assign the information a grievance number. The Unit Manager shall ensure that all verbal reports are reduced to writing. A grievance or an appeal thereof relating to sexual abuse shall not be rejected due to defects in the form of the grievance or for any other reason for rejection as noted above.

    2. The Unit Manager or assigned staff member shall inform the inmate allegedly sexually abused that a grievance has been submitted on his/her behalf and shall process it under the above-stated procedures. The Unit Manager shall also request the inmate to complete a grievance form, but the inmate is not required to do so. If the inmate expressly requests that it not be processed, the Unit Manager shall document any such request and close the grievance. Provided, however, that the Unit Manager shall remain responsible for ensuring the information was reported to the Corrections Investigation Division.

    3. After the Unit Manager's initial actions, the inmate will be responsible for personally pursuing any subsequent steps in the grievance process through exhaustion.

VIII. An inmate alleging that he/she is subject to a substantial risk of imminent sexual abuse may file a grievance directly to his/her Superintendent who shall in turn cause an immediate review of the inmate's allegations and circumstances to determine whether such substantial risk of imminent sexual abuse exists. Such review can be in conjunction with an application for special management. The scope of the Superintendent's review shall be limited to whether the inmate is at substantial risk of imminent sexual abuse.

A. As soon as possible, but no more than forty-eight (48) hours, the Superintendent shall make an initial response determining whether the inmate's allegations that he/she is at substantial risk of imminent sexual abuse was substantiated; and, if so, the Superintendent shall take all necessary corrective action. Within five (5) calendar days,

WVDCR Policy Directive 335.00
08 October 2021
<u>GENERAL DISTRIBUTION</u>

the Superintendent shall issue a final written response setting forth reasons supporting the decision and any action taken.

B.  If no emergency exists, the Superintendent shall return the grievance to the inmate and require the inmate to follow the normal grievance procedures.

C.  The Superintendent shall provide a written explanation of why the grievance does not qualify as an emergency.

D.  Any inmate found to have intentionally filed an emergency grievance where no emergency exists and in bad faith shall be subject to disciplinary action.

IX.  An inmate alleging that he/she is in danger of imminent violence shall file a grievance to any employee.  Any staff person receiving a grievance in which an inmate alleges he/she is in danger of imminent violence shall immediately forward the grievance to the Shift Commander.

A.  Any employee upon receipt of such grievance shall cause an immediate review to take place of the inmate's allegations and circumstances to determine whether a substantial risk of imminent violence exists.  The Shift Commander can refer the review to the designated staff or can have the review processed as an application for special management or processed in conjunction with any other policy directive or operational procedure which is intended to handle such claims of imminent violence.

B.  An inmate alleging that he/she is in danger of imminent violence shall in the grievance set forth with specificity the nature of the threat of imminent violence and list any person who the inmate believes may cause him/her bodily injury or greater.  An inmate shall receive assistance, if needed, if providing such information in writing.

C.  As soon as possible, but no more than forty-eight (48) hours, the person conducting the review shall make an initial response determining whether the inmate's allegations that he/she is at substantial risk of imminent violence is substantiated.  If the initial review finds that the allegation of imminent violence is substantiated or is unable to find that the allegation of imminent violence is unsubstantiated, the facility shall cause appropriate action, if needed, to protect the safety of the inmate.

D.  Within five (5) calendar days, the Unit Manager or Shift Commander shall issue a written response to the inmate's grievance.  The response to the grievance shall confirm that the inmate's allegations have been reviewed or processed in conjunction with any policy directive or operational procedure which is intended to handle claims of violence, and state whether the review substantiated the inmate's allegations and what, if any, actions have been taken in the matter.  The response, however, shall not include information regarding private personnel actions.

E.  An inmate alleging that he/she is subject to violence which is not imminent may file a grievance to his/her Unit Manager who shall in return cause the allegations to be reviewed.  The Unit Manager can refer the review to designated staff or can have the

review processed as an application for special management or processed in conjunction with any other policy directive or operational procedure which is intended to handle claims of violence.

F.  In any case where an inmate would be required to submit his/her grievance to a staff member he/she is alleging has threatened him/her with violence, the inmate shall submit the grievance to the Superintendent (or if the Superintendent is the individual alleged to have threatened him/her with violence, to the Commissioner).  The Superintendent and/or the Commissioner shall assign appropriate staff to respond to the grievance.

G.  Except for as set forth in the above special procedures, a grievance alleging violence and or imminent violence shall follow the procedures for ordinary administrative remedies.

**ATTACHMENT(S):**

#1    Grievance Log

#2    Inmate Grievance Form

**APPROVED SIGNATURE:**_____    9 24 21

Betsy C. Jividen, Commissioner                    Date

**WVDCR Policy Directive 335.00**
**08 October 2021**
**Attachment #1**
**GENERAL DISTRIBUTION**

**West Virginia Division of Corrections and Rehabilitation**
**Grievance Log**

Facility: _____

Unit: _____    Calendar Year: _____

| Seq.# | OID# | Inmate | Date Filed | Issue | Resp. Date |
|-------|------|--------|-----------|-------|-----------|
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |
|       |      |        |           |       |           |

WVDCR Policy Directive 335.00
08 October 2021
Attachment #2
**GENERAL DISTRIBUTION**

**WVDCR Inmate Grievance Form**          Grievance No.      _____-_____-_____-_____

_____          _____          _____
**Inmate Name**                          **OID #**          **Date of Grievance**

**State Nature of Grievance / Issue to be addressed (Note: 1 issue per grievance be concise file with Unit Manager. NO WRITING ON BACK):**
_____
_____
_____
_____

**Relief Sought (state what you want):**
_____
_____

_____          (The inmate may attach one 8.5 x 11 sheet, if necessary, at this level only)
**Inmate's Signature**
**********************************************************************************
**Unit Manager Response (attach additional sheet if needed)**

Accepted_____          Rejected_____          Reason for rejection: _____          Date: _____

**Response on Merits if accepted:**
_____
_____
_____

**Signature**
**********************************************************************************
Resolved:_____ (if so initial and give copy to Unit Manager)          Appealed to Superintendent _____(initial) Date:_____

If no response at initial level is included the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

_____          _____
**Inmate's Signature**                          **Date**
**********************************************************************************
**Action by Superintendent:**
Accepted_____          Rejected_____          Reason for rejection: _____          Date: _____

Response on Merits if accepted:  __ Remand to Unit for further action   __ Affirm unit and/or deny grievance   __ Grant the Grievance as specified
Comments_____

_____   _____   (Attach additional sheet if necessary)
**Superintendent's Signature**                          **Date**
**********************************************************************************
Resolved:_____ (if so initial and give copy to Unit Manager)          Appealed to Commissioner _____(initial)

If no response at Superintendent's level is included, the inmate certifies that he/she has tendered this grievance as indicated above and no response has been issued at that level within the time frames set forth in Policy Directive 335.00.

_____          _____
**Inmate's Signature**                          **Date**

**********************************************************************************
**Action by Commissioner:**
Accepted_____          Rejected_____          Reason for rejection: _____          Date: _____
Response on Merits if accepted:  _____ Affirm Superintendent and deny grievance (Affix final stamp)          _____ Other, memo attached.